Patrick R. RIZZO, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 85–1984.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 9, 1987.

Decided June 2, 1987.

Jo Ellen J. Watts, Jenner & Block, Chicago, Ill., for petitioner-appellant.

David H. Miller, Asst. U.S. Atty., R. Lawrence Steele, Jr., U.S. Atty., Ft. Wayne, Ind., for respondent-appellant.

Before BAUER, Chief Judge, CUDAHY and POSNER, Circuit Judges.

BAUER, Chief Judge.

In 1967, at the age of 21, Patrick Rizzo was separately convicted both of robbing a federally insured bank while using a dangerous weapon, 18 U.S.C. § 2113(d), and of forcing a jail employee to aid him in an attempted escape, 18 U.S.C. § 2113(e). Although the convictions arose from two separate incidents, Rizzo was sentenced for each at the same time. He received the maximum sentence for both convictions: twenty-five years each, to be served consecutively.[1] Seventeen years later, Rizzo filed a motion to correct or vacate his sentence pursuant to 28 U.S.C. § 2255.[2] The motion alleged various sentencing errors made by the trial court. The district court dismissed the section 2255 motion, finding it barred by the doctrine of laches. The government had neither raised nor argued laches. Because there is no evidence in the record to support a finding of laches, we reverse, grant the petition in part, and remand for resentencing.

## I.

Rizzo's section 2255 motion alleged that at sentencing, the trial court failed to consider whether he would benefit from commitment under the Federal Youth Corrections Act, 18 U.S.C. § 5005 (repealed 1984), and that the court had failed to disclose his presentence report in violation of Fed.R. Crim.P. 32. Before the government filed an answer to the motion, Rizzo filed a supplement which alleged that his sentence was unconstitutional because the court had relied in part, on juvenile delinquency adjudications which were obtained without benefit of counsel. The district court did not reach the merits of Rizzo's claims, but dismissed the motion based on laches, presuming that the government was prejudiced by the delay and finding that Rizzo had not "explained why he has waited seventeen years before filing."

## A.

The issue of laches was not raised by the government and no evidence of prejudice appears in the record. Rizzo's failure to explain his delay can itself be explained by the fact that Rizzo had no notice that laches was an issue in the case. Rule 9(a) of the Rules Governing Section 2255 Cases codified the common-law doctrine of laches as it applies to motions for relief under section 2255. Rule 9(a) provides:

(a) **Delayed motions.** A motion for relief made pursuant to these rules may be dismissed if it appears that the government has been prejudiced in its ability to respond to the motion by delay in its filing unless the movant shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred.

■ Petitioner's motion contests the district court's reliance on statements in the presentence report which reflect uncounselled juvenile delinquency adjudications. The government showed no evidence of prejudice. The district court presumed prejudice based on the unavailability of petitioner's trial counsel. It is not immediately apparent why the unavailability of trial counsel would hamper the government's ability to respond to a claim regarding reliance on uncounselled juvenile delinquency adjudications. Therefore, the basis of the court's presumption cannot support a finding of prejudice with respect to the juvenile delinquency adjudication claim. Although a district court may rely on reasonable inferences in finding prejudice from delay, it is not proper to presume prejudice merely from the length of delay. *See Mixon v. United States*, 608 F.2d 588 (5th Cir.1979), *vacated on other grounds*, 616 F.2d 253 (5th Cir.1980).

1. The sentence on the section 2113(e) conviction was later reduced to ten years pursuant to Fed. R.Crim.P. 35.

2. Rizzo also filed a second Motion to Correct Sentence, pursuant to Fed.R.Crim.P. 35, claiming that his sentences under both sections

2113(d) and 2113(e) violated the double jeopardy clause. The claim is patently frivolous since the events which gave rise to the section 2113(d) conviction occurred on July 26, 1967, and the events pertaining to the section 2113(e) conviction occurred on August 18, 1967.

■ The language of Rule 9(a) seems to envision that before the doctrine of laches may be applied to section 2255 motions, the delay must have been inexcusable *and* must have prejudiced the government. *See also United States v. Darnell*, 716 F.2d 479 (7th Cir.1983) (applying laches to a Rule 32(d) motion and requiring both prejudice and lack of excuse for delay.) Therefore, the lack of a showing of prejudice should end our discussion. Appellees suggest that *United States v. Correa-De Jesus*, 708 F.2d 1283 (7th Cir.1983), supports the proposition that failure to explain delay alone can support dismissal of a section 2255 petition based on laches. The defendant in *Correa-De Jesus* had failed to appeal his underlying conviction. Since failure to appeal is a procedural default, post-conviction review is precluded unless the defendant can show cause for failing to appeal, and prejudice. *Norris v. United States*, 687 F.2d 899 (7th Cir.1982). Thus, the bulk of the opinion is devoted to determining whether Correa-De Jesus had shown cause for failing to appeal his conviction. The case does not hold that laches is appropriate even if the government can show no prejudice from the delay. We need not address this question now either. Regardless of whether failure to excuse delay alone may support a dismissal based on laches even in the absence of prejudice—it is clear that where the defendant was given no opportunity to explain his delay, dismissal is improper. Hence, we find dismissal of the motion on the basis of laches to be error.

### B.

Although the dismissal based on laches was improper, we could affirm the district court order on any ground reasonably supported by the record below. *Pfeil v. Rogers*, 757 F.2d 850, 866 (7th Cir.1985). The government urges that we affirm the dismissal because petitioner's claims are mer-

itless. We will therefore address petitioner's claims on their merits. First, Rizzo argued that the sentencing judge was required to make an explicit finding that petitioner would not benefit from consideration under the Federal Youth Correction Act. 18 U.S.C. § 5010.[3] Second, in his supplemental pleading, Rizzo alleged that he was sentenced on the basis of a record which contained unpurged juvenile delinquency adjudications at which Rizzo was not afforded counsel.[4]

■ Rizzo's first contention can be disposed of briefly. Rizzo does not seek to be resentenced because the district court failed to take account of the Youth Corrections Act. In fact, Rizzo concedes that since the Act was repealed in 1984, (*see* Comprehensive Crime Control Act of 1984, § 235(a)(1)(A)), any resentencing now ordered would not encompass consideration under the Youth Corrections Act. Rather, Rizzo seeks to have his sentence vacated because of the trial court's failure to consider whether he would benefit from treatment under the Act. In *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), the Supreme Court first required that federal trial judges explicitly determine whether defendants would benefit from consideration under the Federal Youth Corrections Act, 18 U.S.C. § 5010. *Dorszynski*, however, does not apply retroactively to sentences imposed prior to 1974. (See *Lawary v. United States*, 599 F.2d 218 (7th Cir.1979) and cases cited therein.) Rizzo's sentence was imposed in December of 1967, nearly seven years before the rule of *Dorszynski* was announced. Therefore, petitioner cannot claim a constitutional violation because his sentence was imposed without an explicit finding that he would not benefit from treatment under the Federal Youth Corrections Act.

---

3. The Federal Youth Corrections Act, 18 U.S.C. § 5010, provided sentencing alternatives for youthful offenders between the ages of 16 and 22 and was designed for more effective rehabilitation. It was repealed by the Comprehensive Crime Control Act of 1984, § 235(a)(1)(A).

4. Rizzo also claimed that the district court had failed to disclose his presentence report at the time of sentencing. Due to our disposition of Rizzo's other claim, we do not address the issue.

More serious, however, is petitioner's claim that the district court imposed sentence relying in part on a presentence report which included juvenile delinquency adjudications at which he was not represented by counsel. An accused has the right to counsel in juvenile delinquency proceedings. *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *see also United States v. Slipka,* 735 F.2d 1064 (8th Cir.1984) (finding that *Gault* should be applied retroactively). Moreover, a defendant is deprived of due process when sentenced on the basis of "misinformation of constitutional magnitude," such as convictions where the accused was denied his sixth amendment right to counsel. *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).[5]

We find petitioner's argument persuasive. The government does not argue that the presentence report did not contain information regarding petitioner's juvenile delinquency adjudications, nor does the government contend that Rizzo was represented by counsel at such hearings. Rather, the government argues only that the judge did not rely on the information at sentencing. The standard for determining whether the district court relied on improper information is a low one. A petitioner need only show it is "not improbable that the trial judge was influenced by improper factors in imposing sentence." *United States v. Harris,* 558 F.2d 366, 374–75 (7th Cir.1977).

The government argues that given the minor violations in petitioner's juvenile record, it was "improbable" that the court relied on it in imposing sentence. In sentencing Rizzo, the court noted: "Mr. Rizzo, your conduct and your record commends you for nothing." On review of the presentence report and the sentencing transcript, we cannot share the government's conviction that it was improbable that the trial judge was influenced by the juvenile delinquency adjudications. We find instead that the judge may have impermissibly relied on the uncounselled adjudication in imposing sentence. Accordingly, we remand the case to the district court for resentencing without consideration of juvenile delinquency adjudications at which petitioner was not afforded the right to counsel. The cause is

REVERSED AND REMANDED.

---

**5.** Although we have never specifically addressed the retroactivity of the remedy provided in *Tucker,* the issue was not raised in this appeal and we therefore do not address it.