929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David L. HARPER, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 89-2201.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 26, 1991.*
Decided April 3, 1991.
 
 Appeal from the United States District Court for the Central District of Illinois, Springfield, Division, No. 89 C 3001, Richard Mills, Judge.
 C.D.Ill.
 AFFIRMED.
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 I. BACKGROUND
 
 1
 Petitioner, David L. Harper, pled guilty to conspiracy to distribute marijuana, 21 U.S.C. Sec. 846, possession of marijuana with intent to distribute, 21 U.S.C. Sec. 841(a)(1), and interstate travel in aid of an illegal drug enterprise, 18 U.S.C. Sec. 1952. On January 31, 1986, the district court sentenced Harper to 10 years in prison, followed by a five-year special parole term. Harper did not file a direct appeal from his conviction. However, on May 30, 1986, Harper filed a petition for a Reduction or Modification of Sentence pursuant to Fed.R.Crim.P. 35. That motion was denied on September 16, 1986. Harper did not appeal that denial.
 
 
 2
 On January 3, 1989, Harper, pro se, petitioned the district court under 28 U.S.C. Sec. 2255 to vacate his sentence. He challenged the constitutionality of his detention on four grounds: 1) the court's failure to appoint counsel to represent him; 2) prosecutorial misconduct resulting in an involuntary plea; 3) disparity of sentencing; and 4) denial of the right to appeal by altering transcripts. The district court found none of Harper's claims meritorious and denied his motion without a hearing on May 30, 1989.
 
 
 3
 On appeal Harper alleges that the district court wrongly denied his section 2255 petition without a hearing. On appeal he continues to press his claims concerning the denial of his right to counsel at the plea and sentencing hearings, the voluntariness of his guilty plea, and the disproportionality of his sentence.[1] Harper asks this court to remand for an evidentiary hearing on the issues.
 
 II. ANALYSIS
 
 4
 A review of the record shows that Harper's contention that he was denied his sixth amendment right to counsel is totally without merit. He was represented by counsel at the plea and sentencing hearings. By letter dated May 30, 1985, Robert E. Irwin requested the Clerk of the Central District of Illinois to enter his name as attorney of record for Harper. In November 1985, Harper appeared before Judge Richard Mills to enter his guilty plea with Irwin, whom the court referred to as Harper's counsel of record. Plea Tr. at 1. Throughout the proceeding, Irwin was beside Harper. Irwin spoke to the court as Harper's attorney, and the court addressed Irwin as Harper's attorney. The plea agreement was signed by Irwin as attorney for the defendant. At sentencing again the court asked that the record show that Harper was represented by his counsel of record, Robert Irwin. Sentencing Tr. at 1. Irwin again spoke to the court on Harper's behalf. The court told Harper that "Mr. Irwin has argued very, very ably in your behalf like a good counselor, and a good advocate." Id. at 26. At no time during either proceeding did Harper indicate that Irwin was not his attorney. Harper's assertion that he was denied the right to counsel is blatantly false.
 
 
 5
 Harper next argues that his change of plea was coerced and thus involuntary. Specifically, he asserts that because he was advised that he would not get any more time than his codefendants and because the prosecutor had "a personal vendetta" against him, he decided to plead guilty at the last minute, even though he was innocent. At the plea hearing, however, the district court conducted a thorough colloquy pursuant to Fed.R.Crim.P. 11 in order to establish that the plea was made knowingly and voluntarily. Bontokowski v. United States, 850 F.2d 306, 314 (7th Cir.1988) (the point of Rule 11 being to establish that the plea was knowingly and voluntarily made). Harper testified under oath that no one had made any promise other than the plea agreement to induce him to plead guilty and that no one had threatened or forced him to plead guilty. Plea Tr. at 12. Moreover, he testified that he was pleading guilty to the three counts because he was guilty. Id. at 16. "Rational conduct requires that voluntary responses made by a defendant under oath before an examining judge be binding. Such a requirement is consistent with reason and common sense." United States v. Ellison, 835 F.2d 687, 693 (7th Cir.1987). Bound by this sworn statements to the district court, Harper's contention that his change of plea was coerced lacks merit.
 
 
 6
 Finally, Harper alleges that his sentence is disproportionate to those received by his codefendants and that his sentencing guideline range was based on an unfounded allegation by the prosecutor. Appellate review of sentencing decisions is limited. United States v. Barnes, 907 F.2d 693, 695 (7th Cir.1990); Williams v. United States, 805 F.2d 1301, 1308 n. 8 (7th Cir.1986). We will affirm the sentence unless it was imposed in violation of law, as a result of an incorrect application of the guidelines, or is unreasonable. United States v. Guerrero, 894 F.2d 261, 267 (7th Cir.1990). There is no provision for review of a sentence on the ground that a codefendant was treated differently as long as the sentence conforms to the Guidelines. United States v. Smith, 897 F.2d 909, 911 (7th Cir.1990) (per curiam). During the Rule 11 colloquy, the district court informed Harper that the maximum sentence for the crimes to which he was pleading guilty was 15 years. Plea Tr. at 12. The allegation of the prosecutor to which Harper refers is the statement at sentencing that Harper was "the principal organizer of a corresponding farm up in Nebraska at the same time." Harper did not object to that statement at the sentencing hearing. Although the government had requested the maximum sentence under the Guidelines--15 years, the district court sentenced Harper to 10 years. The record indicates that there was evidence to support the sentence.
 
 
 7
 The district court did not err in not providing an evidentiary hearing. Rosenwald v. United States, 898 F.2d 585, 588 (7th Cir.1990) (no need to grant an evidentiary hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief"). Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In a Sec. 2255 habeas proceeding, a petitioner is required to demonstrate cause for and actual prejudice resulting from failure to raise constitutional issues on direct appeal or in a Rule 35 motion. Nevarez-Diaz v. United States, 870 F.2d 417, 422 (7th Cir.1989). The government failed to raise the issue of cause and prejudice prior to the district court's denial of the petition, thereby waiving it. Consequently, we are not required to find the petition procedurally barred. Blake v. United States, 841 F.2d 203, 205 n. 1 (7th Cir.1988)