956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Elwood P. CROY, Defendant/Appellant.
 No. 91-1182.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 3, 1992.*
Decided March 4, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Between January 1981 and December 1983, Elwood Croy engaged in a scheme to defraud investors in oil wells by misrepresenting his prior successes in oil exploration and recovery. He used the United States Postal Service to effect this fraudulent scheme. The victims had invested about $3 million and lost about $2 million.
 
 
 2
 On April 23, 1987, Croy pled guilty to two counts of mail fraud. He withdrew his guilty plea and on December 4, 1987 the government charged him by indictment with 15 counts of mail fraud. Croy fled the jurisdiction to avoid prosecution, but was apprehended on September 4, 1990. Croy and the government entered into an agreement under which Croy would plead guilty to two counts of mail fraud, 18 U.S.C. §§ 1341 and 1342, which would encompass all of the acts detailed in the indictment of 1987. In addition, the government would move to dismiss the indictment, would not prosecute Croy for bail jumping, and would not prosecute Croy's wife for concealing or harboring a fugitive. On December 11, 1990, the district court accepted Croy's guilty plea and sentenced him under pre-Sentencing Guidelines law to five years' imprisonment on count one, with a salient factor of 40 months to serve, and five years' probation on count two, to be served consecutively. On appeal, Croy argues that the sentence was excessive and unjust in light of his age, his poor health, and the fact that he had had no prior convictions.[1] In support of his argument, he cites 18 U.S.C. § 3553(a)(1) and (2)(A), which lay out factors that a sentencing court should consider in assessing punishment, namely "the history and characteristics of the defendant" and providing a "just punishment for the offense."
 
 
 3
 Under pre-Sentencing Guidelines law, a sentencing judge has wide discretion in determining which sentence to impose and in deciding how much weight to give the factors in a case. United States v. George, 891 F.2d 140, 143 (7th Cir.1989). Thus, appellate review is limited. United States v. Johnson, 903 F.2d 1084, 1089 (7th Cir.1990). We may only reverse a sentence that falls within the statutory limits for a failure to exercise discretion or for reliance on improper or unreliable information. United States v. Barnes, 907 F.2d 693, 695 (7th Cir.1990).
 
 
 4
 In the instant case, the government had recommended a sentence of 8 years' imprisonment and a $25,000 fine, whereas Croy had asked for 2 or 3 years' imprisonment and community service. Croy could have received the maximum sentence of five years on each count for a total of 10 years' imprisonment.
 
 
 5
 The sentence imposed was within the statutory limit. A review of the record indicates that the sentencing court considered all of the evidence in determining what sentence to impose.[2] The sentencing court stated that it was "mindful of Mr. Croy's age and his health" and the fact that this was his first offense. However, the sentencing court also gave weight to "the magnitude of the offense which [Croy] committed." Croy has not established that the sentencing court did not exercise its discretion.[3] Accordingly, the sentence is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 At the time of sentencing, Croy was almost 68 years old. He had been treated for an irregular heartbeat in 1985 and fluid buildup in 1986. In 1986 and 1987, he was also treated for hives and allergic diathesis, a condition that makes his body susceptible to certain diseases and for which he has been given medication. In 1987, he was also diagnosed as suffering from anxiety neurosis. Croy has alleged that he is also suffering from zinc poisoning that occurred in 1989, however, there was no evidence of treatment for this condition
 
 
 [2]
 Croy has not alleged that the district court relied on unreliable or improper information
 
 
 [3]
 Croy's reliance on United States v. Golomb, 754 F.2d 86 (2d Cir.1985) and United States v. Ortiz, 742 F.2d 712 (2d Cir.1984) is misplaced. The issue in those cases was whether the sentences were cruel and unusual under the Eighth Amendment. Croy has not alleged an Eighth Amendment violation