**UNITED STATES of America, Plaintiff,**

v.

**Michael JOINER, Defendant.**

**Nos. 93 C 3422, 88 CR 555–2.**

United States District Court,
N.D. Illinois, E.D.

March 23, 1994.

exists. *Deppe v. Tripp*, 863 F.2d 1356, 1367 (7th Cir.1988).

Michael Joiner, pro se.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

### FACTS

On October 12, 1987, a masked man approached Thelma Tetter ("Tetter") from behind a building as she was returning home from work. The man shot at Tetter five times and consequently wounded her in her left leg. She was not pursued nor were any of the contents of her purse taken. Tetter was the mother of Anthony Sumner ("Sumner"), a former high-ranking El Rukn member. At the time of the shooting of Tetter, Sumner had been cooperating with law enforcement authorities in their investigation of the El Rukn organization and was in protective custody. The prosecution planned to call Sumner as a witness in the trial of Jeff Fort, the leader of the El Rukns, as well as other El Rukn members.

Loretta DeJean ("DeJean") and Nicole Clark ("Clark") had seen Michael Joiner ("Joiner") and two other men outside their apartment building with a gun just before the shooting. *U.S. v. Johnson,* 903 F.2d 1084, 1085 (7th Cir.1990). Both women knew of the three men's affiliation with the El Rukn organization, and one of the women knew the rank each man held in the organi-

zation. *Id.* at 1085–86. Based on the incident described above, Joiner and two co-defendants were charged in an indictment returned on June 16, 1988, with intimidating a witness in violation of 18 U.S.C. § 1512(b) (Count II), retaliating against a witness in violation of 18 U.S.C. § 1513 (Count III), using a firearm in commission of a felony in violation of 18 U.S.C. § 924(c) (Count IV), and conspiring to commit these offenses in violation of 18 U.S.C. § 371 (Count I). On October 27, 1988, a jury found Joiner guilty on all counts, and on February 1, 1989, he was sentenced to a term of twenty years imprisonment. The Seventh Circuit Court of Appeals then affirmed Joiner's conviction and sentence on June 4, 1990. *Johnson,* 903 F.2d at 1092.

On June 7, 1993, Joiner filed a habeas corpus petition on the printed form provided by the Clerk of the United States District Court for the Southern District of Indiana, Terre Haute Division, for use in habeas corpus petitions under 28 U.S.C. § 2241. In this petition, Joiner asked for leave to proceed without payment of the filing fee and for a *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), hearing and a new trial. Joiner's petition was initially assigned to Judge Milton I. Shadur. In a Memorandum Order dated June 29, 1993, Judge Shadur granted Joiner leave to proceed in forma pauperis and construed Joiner's petition as a 28 U.S.C. § 2255 petition. Judge Shadur then transferred Joiner's petition to this court which is the court that sentenced Joiner. In transferring Joiner's petition to this court, Judge Shadur followed the requirements of section 2255 Rule 4(a), which states that a motion to vacate, set aside or correct a sentence "shall be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him."

## DISCUSSION

The court examined Joiner's petition and gave it initial consideration pursuant to Rule 4(b) of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2255. Consequently, in a Minute Order dated July 21, 1993, the court ordered the United States Attorney to file an answer to Joiner's petition.

Joiner bases his petition for relief under section 2255 on numerous claims. First, he alleges that there was insufficient evidence to convict and sentence him for using a firearm in commission of a felony in violation of 18 U.S.C. § 924(c) because no weapon was ever offered into evidence against him at trial. Next, he contends that he was the victim of much publicized prosecutorial misconduct that has taken place in many of the cases involving the El Rukns. Joiner also claims that the prosecutors offered into evidence against him statements concerning another retaliation shooting case (in which Joiner was subsequently found not guilty) and that this evidence was admitted for use in sentencing Joiner for his conviction in the Tetter shooting. Thus, he claims that the court relied on inaccurate information in his presentence investigation report ("PSI") in sentencing him.

Joiner then claims that he received ineffective assistance of counsel at trial. He contends that he was left defenseless during his trial because of his counsel's failure to call his only defense witness. He alleges that his witness, Delores Howard ("Howard"), was at the same location as DeJean and Clark on the evening of the shooting.

Finally, Joiner asks for a *Franks* hearing; however, because Judge Shadur construed Joiner's petition as a section 2255 petition, it is proper to assume that what Joiner was really requesting was a section 2255 hearing under Rule 8(a). Joiner alleges that the testimony of DeJean and Clark was impeachable and, thus, there was insufficient evidence to convict him.

In his reply to the government's answer, Joiner notes that the Seventh Circuit erred in its first opinion of May 29, 1990, affirming his conviction and sentence. This error was corrected when the court amended its decision on June 4, 1990. The error consisted of a misstatement of the date of the return of his indictment.

## DISCUSSION

■ Pro se litigants are not bound by the stringent standards governing trained attor-

neys; therefore, the court liberally construes petitioner's section 2255 petition. *Jamison–Bey v. Thieret,* 867 F.2d 1046, 1047 (7th Cir.1989); *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). However, "arguments raised for the first time in a reply brief are waived." *U.S. v. Hughes,* 970 F.2d 227, 235 n. 6 (7th Cir. 1992) (citations omitted); *see also In re Bear,* 789 F.2d 577, 579 (7th Cir.1986) ("We do not allow an appellant to raise new issues in the reply brief. . . .") Thus, those issues not addressed in Joiner's petition, but raised for the first time in his reply to the government's answer, are not considered. Joiner's claim that this court never had subject matter jurisdiction or personal jurisdiction over him is not considered by the court because Joiner presented it for the first time in his reply brief. Petitioner's Reply Brief at 4. This claim was not mentioned in, and could not be liberally construed from, Joiner's original petition.

■ Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. § 2255. If the court determines that any of these grounds exist, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* After reviewing the prisoner's motion, the United States Attorney's answer, and any transcripts or records of prior court actions in the matter, the judge shall determine whether an evidentiary hearing is required. Rule 8(a) of the Rules Governing section 2255 Proceedings. Under section 2255, "if there is no reason to suppose that a hearing would produce evidence justifying the grant of a new trial, there is no reason to hold a hearing." *U.S. v. Taglia,* 922 F.2d 413, 419 (7th Cir.1991), *cert. denied, McDonnell v. U.S.,* —— U.S. ——, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991). In other words, "a judge should dismiss the petition without a

hearing if it plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Liss v. U.S.,* 915 F.2d 287, 290 (7th Cir.1990) (citations omitted). "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates." *Id.*

■ The court rules that Joiner's section 2255 petition should be dismissed without a hearing. As the United States Supreme Court has made clear, relief under section 2255 is only available if the trial court is guilty of "an error which is [either] jurisdictional [or] constitutional. It [must be] a fundamental defect which inherently results in a complete miscarriage of justice. . . ." *Hill v. U.S.,* 368 U.S. 424, 427, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). It is crucial to note that a motion under section 2255 is not a substitute for a direct appeal. *Belford v. U.S.,* 975 F.2d 310, 313 (7th Cir.1992) (citations omitted). Thus, there are three types of issues that a section 2255 motion *cannot* raise: "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Id.* (emphasis in the original) (footnote and citations omitted).

Joiner bases his section 2255 motion on three constitutional issues that he did not raise on direct appeal, and one constitutional issue that he previously did raise on appeal. The court addresses the previously raised issue first.

■ Joiner alleges that the prosecution offered evidence of a prior retaliation shooting for which he was charged and that the evidence was accepted by this court for sentencing purposes. Joiner claims that this was improper because he was subsequently found not guilty in that previous shooting. Thus, he claims that the court relied on inaccurate information in his PSI when sentencing him. Joiner did raise this claim on

direct appeal and the court of appeals concluded that Joiner's due process rights were not violated because this court properly viewed that evidence as nothing more than background information. *Johnson,* 903 F.2d at 1091. As stated above, a section 2255 motion is not a substitute for direct appeal and, therefore, section 2255 petitioners cannot raise "issues that were raised on direct appeal, absent a showing of changed circumstances." *Belford,* 975 F.2d at 313; *Norris v. U.S.,* 687 F.2d 899, 900 (7th Cir.1982). Since Joiner was ultimately acquitted of the previous shooting, the court must determine whether the circumstances surrounding his sentencing have changed since the date that he was sentenced.

"[C]onvicted defendants have a due process right to be sentenced on the basis of accurate and reliable information." *U.S. v. Kovic,* 830 F.2d 680, 684 (7th Cir.1987), *cert. denied,* 484 U.S. 1044, 108 S.Ct. 778, 98 L.Ed.2d 864 (1988) (*citing U.S. v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972)). In order for Joiner to show he has suffered a due process violation, he must demonstrate that the information before the sentencing court was inaccurate and that the sentencing court relied on this information to sentence him. *Id.* at 685. *See also U.S. v. Eschweiler,* 782 F.2d 1385, 1387 (7th Cir.1986). Although Joiner may not have been convicted of the previous retaliation shooting, he has not demonstrated that the court relied on any inaccurate information associated with that shooting in sentencing him. Joiner has also failed to establish that it was "'not improbable that the trial judge was influenced by improper factors in imposing sentence.'" *Rizzo v. U.S.,* 821 F.2d 1271, 1274 (7th Cir.1987)) (*quoting U.S. v. Harris,* 558 F.2d 366, 374–75 (7th Cir.1977)). Joiner merely speculates that inaccurate information associated with his alleged involvement in the previous retaliation shooting was relied upon by this court. He has not presented any changes in circumstances of fact or law surrounding the information in his PSI or the district court's reliance on the information that would call for the court's reconsideration of the issue. Instead, he has merely reiterated his claim on appeal of a Fifth Amendment due process violation created by the court's sentencing based on inaccurate information. *Johnson,* 903 F.2d at 1091; Petitioner's Reply Brief at 9. The Seventh Circuit held that the information of a prior El Rukn shooting was not used by the district court to sentence Joiner and that his due process rights were not violated. *Johnson,* 903 F.2d at 1091.

Joiner's other three constitutional claims fall within the third category noted above and, consequently, are subject to the cause and prejudice test for determining whether a petitioner is entitled to relief under section 2255. A petitioner under section 2255 is "not entitled to a hearing unless he can demonstrate cause for the failure to make a direct appeal and actual prejudice resulting from the alleged errors." *Belford,* 975 F.2d at 316 (*quoting Liss v. U.S.,* 915 F.2d 287, 290 (7th Cir.1990)). *See also Norris v. U.S.,* 687 F.2d 899 (7th Cir.1982) (adopting the cause and actual prejudice standard of *U.S. v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982), for evaluating a federal prisoner's use in a section 2255 motion of a constitutional issue not raised on direct appeal).

■ First, Joiner claims that he suffered from prosecutorial misconduct which violated his due process rights. He alleges that the same type of much publicized prosecutorial misconduct that has taken place in other El Rukn cases occurred in his case. Joiner claims that this misconduct is newly uncovered. Assuming new discovery may be a "cause" for not raising this claim on direct appeal, Joiner still cannot demonstrate "prejudice" from the prosecutorial misconduct he claims, for nowhere does he demonstrate that such misconduct occurred during his trial. The cooperating government witness and the prosecutor in Joiner's case are not the same individuals that have been the subjects of judicial inquiries into allegations of prosecutorial misconduct in other *El Rukn* cases. Joiner's case is completely separate from other *El Rukn* cases. Joiner has not provided specific evidence of prosecutorial misconduct in his case; he merely alleges that the government paid witnesses sums of money. Petitioner's Reply Brief at 6.

Information concerning witness compensation was exposed at trial. Trial Transcript ("Tr.") at 405–06. The jury heard such evidence and took it into account when weighing all the evidence. Thus, Joiner has not provided any evidence regarding how he could have been prejudiced by the fact that witnesses received compensation from the government. Joiner is, therefore, not entitled to relief based on his claim of prosecutorial misconduct raised in his section 2255 motion.

■ Joiner's second new constitutional claim is a sufficiency of the evidence claim. He alleges that because no weapon was ever offered into evidence against him at trial, there was insufficient evidence to convict and sentence him for using a firearm in commission of a felony in violation of 18 U.S.C. § 924(c). Joiner raised a sufficiency argument as to this conviction on appeal; however, he based his argument only on *his conclusion* that "because the evidence was insufficient to convict [him] of witness intimidation and retaliation against a witness, [his] convictions for conspiring to commit and using a firearm while committing these felonies cannot stand." *Johnson,* 903 F.2d at 1089. Joiner did not until now raise the argument that no gun was offered into evidence as a basis for his sufficiency claim. Petitioner's Memorandum in Support of Writ at 3.

Because this issue was not raised on direct appeal, Joiner must satisfy the cause and prejudice test. Joiner does not set forth any where in his petition or reply a cause for his failure to raise this specific sufficiency argument on direct appeal, as he is required to do. *Belford,* 975 F.2d at 313.

Furthermore, Joiner cannot demonstrate prejudice from his procedural default in not raising this claim on direct appeal. When challenging a jury verdict on sufficiency of the evidence grounds, the petitioner bears a heavy burden. *U.S. v. Sims,* 895 F.2d 326, 329 (7th Cir.1990). Joiner must demonstrate that the trial record did not contain any evidence from which a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Fozo,* 904 F.2d 1166, 1169 (7th Cir.1990) (*quoting Jackson v. Virginia,* 443 U.S. 307,

319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).

In order to prove that Joiner used a firearm in commission of a felony in violation of 18 U.S.C. § 924(c), the government had to prove that ′a firearm was used or carried during and in relation to any crime of violence or drug trafficking crime. 18 U.S.C. § 924(c). There is no dispute that Tetter was shot. Two eyewitnesses, Clark and DeJean, testified to having seen the petitioner and his co-defendants passing around what looked like a gun just prior to the shooting of Tetter. Tr. at 540, 662.

■ Joiner claims, however, that the testimony of Clark and DeJean was impeachable. The court ruled that the testimony of DeJean was not inconsistent with respect to how far away from her the three defendants were and with respect to what time the shooting took place. Tr. at 573. The court allowed the jury to determine whether Clark's testimony was inconsistent as to her statements that she did not tell police until April following the shooting what she had seen, and further did not tell police until in front of the Grand Jury that she had seen the three defendants put on ski masks. Tr. at 659. The determination of the credibility of a witness is left solely to the jury, *U.S. v. Beverly,* 913 F.2d 337, 360 (7th Cir.1990), *cert. denied,* 498 U.S. 1052, 111 S.Ct. 766, 112 L.Ed.2d 786, and *cert. granted, Griffin v. U.S.,* 498 U.S. 1082, 111 S.Ct. 951, 112 L.Ed.2d 1039, *aff'd,* ―― U.S. ――, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991). The jury heard both DeJean's and Clark's testimony and found DeJean and Clark to be credible witnesses. The jury found that this testimony established beyond a reasonable doubt that a firearm was used in intimidation and retaliation. The court, in turn, holds that this evidence was such that a rational trier of fact could find the essential elements of a violation of 18 U.S.C. § 924(b) beyond a reasonable doubt.

■ Joiner next asserts that his counsel's failure to call his only defense witness constitutes ineffective assistance of counsel. "In *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court held that ineffective assistance of counsel may constitute cause for a procedural

default." *Belford,* 975 F.2d at 314. The *Carrier* court employed the standard established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for determining whether the performance of counsel is so ineffective as to constitute procedural default. *Belford,* 975 F.2d at 314. Under *Strickland,* Joiner must demonstrate two things: (1) that his counsel's representation was below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different.[1] *Strickland,* 466 U.S. at 688, 694, 104 S.Ct. at 2064, 2068.

The Seventh Circuit has recognized that if a defendant's counsel for direct appeal was his trial counsel, that counsel "can hardly be expected to challenge on appeal his own effectiveness at trial." *U.S. v. Taglia,* 922 F.2d 413, 418 (7th Cir.1991). However, the *Taglia* court went on to say that if the defendant does not have extrinsic evidence to present in support of his ineffective assistance of counsel claim and he establishes his claim by the trial record alone, then the cause and prejudice standard will apply. *Id.* at 418. Joiner does not present extrinsic evidence. Instead, he only alleges that his witness, Howard, was at the same location as DeJean and Clark on the evening of the shooting, namely DeJean's house. He does set forth in his reply brief what he believes the testimony of his witness would have been. Petitioner's Reply Brief at 8. He contends that Howard would have testified that none of the occupants of DeJean's house saw the shooting of Tetter, and that she was present when investigators tried to get DeJean and Clark's cooperation in their investigation. As the transcript reflects, DeJean and Clark did not testify to seeing the shooting themselves. Furthermore, Joiner's statement of what Howard would say is a mere allegation. Joiner did not provide an affidavit from Howard or any other proof regarding the nature of what she would have stated had she testified. He merely states in his brief what he thinks her

testimony would have been. *Id.* Joiner also alleges that the prosecution and defense agreed to suggest to him that the trial court found no reasonable basis for admitting Howard's testimony. *Id.* However, the transcript of Joiner's trial does not reflect this allegation; nor does Joiner present any evidence of such an agreement.

Without providing any evidence, Joiner cannot prove an ineffective assistance of counsel claim nor pass the cause and prejudice test. Joiner "must allege facts indicating both that the counsel's representation fell below an objective standard of reasonableness, and that a reasonable probability exists that but for the counsel's errors, the result of the proceeding would have been different." *Key v. U.S.,* 806 F.2d 133, 139 (7th Cir.1986) (*citing Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)). Joiner has failed to do this. Furthermore, even if the court accepts Joiner's argument that the "cause" of his failure to present this issue on direct appeal was that his appellate counsel was his trial counsel, Joiner has not demonstrated any prejudice without offering any proof of what Howard's testimony would have been and how it would have affected his trial. Therefore, Joiner is not entitled to relief based on the ineffective assistance of counsel claim that he raises in his section 2255 petition.

## CONCLUSION

For the reasons stated, Joiner is not entitled to relief based on the four issues he raises in his section 2255 petition. Therefore, the court rules that Joiner's section 2255 petition is denied without a hearing.

IT IS SO ORDERED.

---

1. Although it is unresolved in this circuit whether "prejudice" under *Strickland* and "prejudice" under the cause and prejudice standard are the same, the court need not resolve that issue, for Joiner has not met his burden of proving prejudice under *Strickland,* which is necessary to prove ineffective assistance of counsel. *See Belford,* 975 F.2d at 314; *Freeman v. Lane,* 962 F.2d 1252, 1258 n. 5 (7th Cir.1992) (recognizing the debate surrounding this issue).