**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Oliver HOCKING,**
**Defendant–Appellant.**

**Nos. 88–1087, 88–1153.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 17, 1988.
Decided March 7, 1988.

John J. Casey, Casey & Casey, P.C., Springfield, Ill., for defendant-appellant.

J. William Roberts, U.S. Attys. Office, Springfield, Ill., for plaintiff-appellee.

Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

We must decide which of two criminal appeals invokes this court's jurisdiction. The district court sentenced James Hocking to eight years' imprisonment on January 4, 1988. In a criminal case the sentence is the judgment, *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 165–66, 82 L.Ed. 204 (1937), and Hocking filed a timely notice of appeal (No. 88–1087) on January 13. The district court had neglected to rule on Hocking's motions for acquittal or a new trial; it denied these on January 14, and Hocking filed a second notice of appeal (No. 88–1153) on January 22.

■ Concerned that the notice of appeal filed on January 13 ousted the jurisdiction of the district court, preventing that court from ruling on January 14, we called for memoranda addressing the question of our jurisdiction. We contemplated dismissing appeal No. 88–1153 and remanding on No. 88–1087 so that the district court could issue its order. District courts lose jurisdiction over most motions on the filing of a notice of appeal, see *Berman*, 302 U.S. at 214, 58 S.Ct. at 166; *United States v. Kerley*, 838 F.2d 932, (7th Cir. Jan. 28, 1988); but see *United States v. Cronic*, 466 U.S. 648, 667 n. 42, 104 S.Ct. 2039, 2051, n. 42, 80 L.Ed.2d 657 (1984) (district courts may deny, but not grant, a motion for a new trial while the case is on appeal). It is not only senseless to impose sentence while reserving the possibility of granting an acquittal or new trial but also fraught with jurisdictional complications. Because the sentence is the judgment, the defendant must file the notice of appeal within ten days. The district court then loses jurisdiction and cannot act on the reserved motion, save to the extent *Cronic* permits it to deny a motion for a new trial.

■ The memoranda reveal, however, a more fundamental problem with the district court's action on the reserved motions. They were not timely filed, and therefore the district court was without authority to entertain them. The motion for acquittal was filed under Fed.R.Crim.P. 29(c), and the motion for a new trial under Rule 33. Rule 29(c) provides that the motion "may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7–day period." Rule 33 employs the same seven-day rule, except for motions based on newly-discovered evidence (which this one was not). Rule 45(b) provides in turn that the district court "may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them." Rule 45(b) means what it says. *United States v. Robinson*, 361 U.S. 220, 224–25, 80 S.Ct. 282, 285–86, 4 L.Ed.2d 259 (1960); *United States v. Hill*, 826 F.2d 507, 508 (7th Cir. 1987) (collecting cases). As a result, a court lacks the adjudicatory power to dispose of an untimely motion under Rules 29, 33, 34, and 35. *United States v. Brown*, 742 F.2d 363, 368 (7th Cir.1984) (Rule 33). The function of Rule 45(b), as applied to motions under Rules 29, 33, and 34, is to ensure that the motion comes promptly after the verdict, in order to avoid exactly what happened in this case: imposition of sentence in advance of resolution of dispositive motions.

The jury returned its verdict on November 4, 1987. On November 9 Hocking's counsel asked the court to allow him 30 extra days to file motions. On November 16 the court granted that request. This was a timely extension. Rule 45(a) provides that in computing periods of time less than 11 days, holidays and weekends are excluded. November 11, 1977, was a holiday, and there were two weekends, so November 16 was the "seventh" day after November 4. But Hocking did not file his motions by December 16, the outer limit. Instead he asked for and received a second

extension of time, to December 29, and filed the motions on December 28. That was too close to the sentencing scheduled for January 4 to permit the prosecutor to respond and the judge to study the papers, which explains the curious sequence of decision.

December 28 was not a time fixed within seven days of the jury's verdict. Rules 29 and 33 do not allow successive extensions of time; Rule 45(b) expressly forbids them. Hocking had no right to ask, and the district court no right to grant, a second extension. The motions therefore were untimely, and the district court lacked authority to dispose of them one way or the other.

Occasionally courts hold that despite Rule 45(b) and similar provisions in other rules, courts may act on untimely motions when district judges induce parties to rely to their detriment on erroneous extensions of time. See *Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964); cf. *Fallen v. United States*, 378 U.S. 139, 143, 84 S.Ct. 1689, 1692, 12 L.Ed.2d 760 (1964). These cases are of uncertain continuing authority, for reasons discussed in *Sonicraft, Inc. v. NLRB*, 814 F.2d 385, 387 (7th Cir.1987), and *Bailey v. Sharp*, 782 F.2d 1366, 1369–74 (7th Cir.1986) (concurring opinion). Even if hearty, however, these cases offer no aid. Nothing in the record suggests that the district judge misled Hocking's lawyer. Any error was generated by the lawyer himself; the district court simply granted a motion. As it turns out, the judge had no power to grant the motion—and for all we can tell, if he had denied it (as he was required to), Hocking had no way to file a timely motion, for he sought the second extension on the last day allowed by the first extension. The district court's denial of the motion would not have avoided the predicament in which Hocking finds himself.

It is always regrettable when failure to comply with a jurisdictional time limit cuts off judicial review, but time limits define judicial power to act. Courts cannot enlarge their own powers in the name of equity, and parties who seek aid from the judicial branch must comply strictly with jurisdictional time limits. *Browder v. Director, Department of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed. 2d 521 (1978). Because the motions were not timely filed, the imposition of sentence on January 4, 1988, disposed of the entire case. We have jurisdiction of appeal No. 88–1087, which will proceed to briefing. Appeal No. 88–1153 is dismissed for want of jurisdiction.