## UNITED STATES of America

v.

## Michael PIERVINANZI and Daniel Tichio, Defendants.

No. 89 Cr. 229 (7 "S") (PKL).

United States District Court, S.D. New York.

June 21, 1991.

Bettina Schein, New York City, for Piervinanzi.

Linda Severin, U.S. Atty.'s Office, S.D. N.Y., New York City, for U.S.

## MEMORANDUM ORDER

LEISURE, District Judge.

On May 17, 1991, a jury verdict of guilty on all counts was returned against the defendants in this case. On May 24, 1991, the Court granted defendant Michael Piervinanzi ("Piervinanzi") an extension until July 1, 1991, to move for a judgment of acquittal pursuant to Fed.R.Crim.P. 29(c). Piervinanzi subsequently retained new counsel, Bettina Schein, Esq. ("Ms. Schein"), who has now requested that the Court grant a second extension of time, until July 15, 1991, for the filing of Piervinanzi's Rule 29(c) motion. Ms. Schein was informed by telephone on June 19, 1991, that, based on the Court's initial research, it was highly unlikely that such an extension could be granted. Ms. Schein was also instructed to submit a letter brief in support of her request for the extension. On June 20, Ms. Schein delivered to the Court a letter merely reiterating her request, with no legal argument or authorities cited in support thereof. Accordingly, on June 21, 1991, Ms. Schein was informed by telephone that her request was denied, and that this memorandum order would follow.

### Discussion

Rule 29(c) of the Federal Rules of Criminal Procedure provides in relevant part as follows:

If the jury returns a verdict of guilty ... a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix *during the 7–day period*. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal.

Fed.R.Crim.P. 29(c) (emphasis added). Rule 45(b), pertaining to the enlargement of time, reads as follows:

When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done if the failure to act was the result of excusable neglect; *but the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them*.

Fed.R.Crim.P. 45(b) (emphasis added).

The plain language of these rules, when read together, clearly indicates that any extension of time for the making of a Rule 29(c) motion must be granted, if at all, within seven days after the jury is discharged. No exception to this specific time limit is made for subsequent extensions and, indeed, Rule 45(b) explicitly forbids a court from granting extensions beyond those permitted by Rule 29(c).

In addressing this issue, the Seventh Circuit has held that the time limit specified in Rule 29(c) is jurisdictional, and that the district courts are without power to grant second extensions of time for the making of motions thereunder beyond the seven-day limit. *See United States v. Hocking*, 841 F.2d 735 (7th Cir.1988); *cf. United States v. DiBernardo*, 880 F.2d 1216, 1223 (11th Cir.1989) (same holding in context of Rule 33) (citing cases); *United States v. Dukes*, 727 F.2d 34, 38 (2d Cir.1984) (same holding in context of Rule 33). Writing for the *Hocking* Court, Judge Easterbrook stated that "Rule 45(b) means what it says," explaining that "[t]he function of Rule 45(b), as applied to motions under Rules 29, 33, and 34, is to ensure that the motion comes promptly after the verdict, in order to avoid ... imposition of sentence in advance of resolution of dispositive motions." *Hocking, supra*, 841 F.2d at 736. He concluded by noting that "Courts cannot enlarge their own powers in the name of equity, and parties who seek aid from the judicial branch must comply strictly with jurisdictional time limits." *Hocking, supra*, 841 F.2d at 737.

In the case at bar, the jury was discharged on May 17, 1991. The time limit specified in Rule 29(c) thus expired on May

29, 1991.[1] Accordingly, the Court cannot now grant a further extension of time for the making of a Rule 29(c) motion.

### Conclusion

For the reasons set forth above, defendant Piervinanzi's request for a further extension of time within which to move, pursuant to Fed.R.Crim.P. 29(c), for a judgment of acquittal, is denied.

SO ORDERED.

---

**1.** Federal Rule of Criminal Procedure 45(a) provides that in computing periods of time less than eleven days, intermediate Saturdays, Sundays and legal holidays must be excluded.