**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Steven VETETO, Defendant–Appellant.**

**No. 90–3421.**

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 7, 1991.
Decided Sept. 17, 1991.

Fred Foreman, U.S. Atty., Crim. Div., Barry R. Elden, Kathleen T. Murdock (argued), Asst. U.S. Attys., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Paul A. Wagner (argued), Chicago, Ill., for defendant-appellant.

Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

BAUER, Chief Judge.

Steven Veteto violated the conditions of his probation. The district court sentenced him to eleven years in prison. Veteto challenges his sentence.

## I. BACKGROUND

In 1985, Steven Veteto, a.k.a. Francis Young, pled guilty to two counts of collection of extension of credit by extortionate means in violation of 18 U.S.C. § 894 and one count of assaulting a federal officer engaged in the performance of his duties in violation of 18 U.S.C. § 111. The extortion counts each carried a maximum penalty of twenty years imprisonment and a $10,000 fine. The assault count carried a maximum penalty of three years imprisonment and a $5000 fine. Judge Getzendanner suspended the imposition of a sentence and instead placed Veteto on nonreporting probation for five years on each count to run concurrently.[1] Among the conditions of his probation, Veteto was to maintain contact with FBI Agent Brundage and to cooperate in any investigation related to the charges in his case.

Veteto did cooperate with authorities in Louisiana, Cincinnati, and Detroit. However, in March 1987, Brundage lost contact with him while Veteto was in Louisiana. At the end of May 1987, Veteto called Brundage from Alabama. Veteto was reminded that he risked being in violation of his probation if he did not inform Brundage of such moves and also that he was required to testify in a murder case in Cook County. There was no further communication between Brundage and Veteto until mid-August when another FBI agent put Brundage in contact with Veteto. Brundage again admonished Veteto to comply with his probation responsibilities. Veteto called Brundage the following week, but then again lost contact with him. Consequently, in November 1987, the government filed a petition for an order requiring Veteto to show cause why his probation should not be revoked. Judge Alesia, who had been assigned to the case, then issued a bench warrant for Veteto's arrest.

The government later learned that Veteto had been arrested on January 4, 1989 in Vermont for assaulting his 71-year old mother and attempting to set her on fire. He was convicted of those charges and sentenced to eighteen to twenty-four months in prison. A federal detainer was

---

1. Given the nature and background of the individuals with whom Veteto had been participating in these crimes, the court believed that Veteto might be in danger if he remained in the district.

lodged pursuant to the arrest warrant. On May 9, 1990, after having served his Vermont sentence, Veteto was returned to the Northern District of Illinois.

The government filed a supplemental petition for an order requiring Veteto to show cause why his probation should not be revoked. The government alleged that Veteto had violated his probation by: 1) failing to maintain regular contact with the FBI (which resulted in the dismissal with prejudice of the murder case at which he was to be the government's chief witness); and 2) assaulting his mother in violation of the laws of Vermont. Veteto waived an evidentiary hearing and admitted violating the conditions of his probation. Veteto and the government supplemented the record with additional documents. Sentencing was held on October 18, 1990. Both the government and the probation officer recommended a substantial incarceration period. The court sentenced Veteto to ten years on Counts One and Two, to run concurrently, and one year on Count Three, to run consecutively to the other two counts.

After the court had imposed the sentence, Veteto raised the issue of credit for time served while on federal detainer in Vermont. The court ordered Veteto to file a motion addressing the issue by November 1 and the government to respond by November 15. Judgment was entered the day after sentencing on October 19, and Veteto filed a timely notice of appeal on October 29. On November 1, Veteto filed his motion in the district court, to which the government responded on November 13. Veteto asked this court to hold his appeal in abeyance pending Judge Alesia's ruling on the issue of credit for time served. This court granted the motion and required Veteto to file a brief memorandum discussing appellate jurisdiction over this case. Veteto submitted his memorandum to this court on December 18, 1990 and informed this court that Judge Alesia had denied his motion for credit for time served as premature. The government filed its response on December 28, 1990. On January 31, 1991, this court set a briefing schedule in which it ordered the parties to address the jurisdictional issue in their briefs.

In this appeal, Veteto argues that the sentence imposed, though within statutory limits, was excessive because the sentencing judge relied on improper considerations in determining his sentence.

## II. APPELLATE JURISDICTION

The first question before us is whether this court has jurisdiction over this direct criminal appeal. Both parties argue that it does. Subject matter jurisdiction, however, can neither be created by consent of the parties, *United Steelworkers of America v. Libby, McNeill & Libby, Inc.*, 895 F.2d 421, 423 n. 2 (7th Cir.1990), nor waived. *United States v. Stillwell*, 900 F.2d 1104, 1110 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 111, 112 L.Ed.2d 81.

Only one tribunal has jurisdiction over a case at a given time. *Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir.1990). An appellate court may only review a final judgment of the federal district court. *United States v. Kalinowski*, 890 F.2d 878, 880 (7th Cir.1989). In a criminal case, "[a] sentence is a final judgment." *United States v. O'Connor*, 874 F.2d 483, 489 (7th Cir. 1989). Once the notice of appeal is filed, jurisdiction is conferred on the court of appeals and the district court's power to proceed further in the case is suspended. *O'Connor*, 874 F.2d at 489; *see also United States v. Hocking*, 841 F.2d 735, 736 (7th Cir.1988) ("[d]istrict courts lose jurisdiction over most motions on the filing of a notice of appeal").

In this case, judgment was entered on October 19, and a timely notice of appeal was filed on October 29. The subsequent motion filed in the district court, therefore, was simply a nullity. *Id.* at 737 (appellate jurisdiction was found where the district court lacked the authority to dispose of untimely motions). Consequently, we have jurisdiction over this appeal.

## III. SENTENCING

Veteto argues that the district court judge failed to exercise his discretion when he relied on improper considerations at the sentencing hearing, which resulted in an excessive sentence. The "improper consid-

eration" that Veteto cites is the testimony of Richard Tracy, the probation officer.

Before sentencing, both parties agreed with the court that no further presentence report would be necessary in light of the sufficiency of the original presentence investigation and that they would supply further documents on the issue of an appropriate sentence. At the sentencing hearing, the government asked the court to impose "a substantial period of incarceration," pointing out the nature of the probation violations. The government did note Veteto's positive conduct in prison as well as the cooperation that he had rendered in the past, but argued that Veteto was no longer trustworthy. After Veteto's counsel addressed the court, Tracy was permitted "to offer a couple of comments."[2] Tracy repeated the probation violations, which, he added, make the offenses more aggravated. He then stated that he could not think of anything to say in mitigation and also recommended a substantial period of incarceration. Veteto's counsel immediately objected to the probation officer's remarks on the basis that no one had sought additional investigation or an additional probation report and therefore the probation officer lacked a basis for making conclusions regarding mitigating factors.

On appeal, Veteto argues that the probation officer's comments amounted to rebuttal and that the probation officer was essentially arguing as a prosecutor. *See Williams v. New York*, 337 U.S. 241, 249, 69 S.Ct. 1079, 1084, 93 L.Ed. 1337 (1949) (probation officers are trained to aid offenders, not to prosecute them). He contends that he was prejudiced by the sentencing judge's reliance on the probation officer's remarks in determining the sentence to be imposed. Aware that his sentence is well within the statutory maximum,[3] he nonetheless argues that the court's reliance on the probation officer's "argument" at the sentencing hearing requires the vacation of his sentence.[4]

■ This pre-Guidelines case is governed by the principles traditionally applied in the review of sentences. "Federal district courts have wide discretion in determining what sentence to impose." *United States v. George*, 891 F.2d 140, 143 (7th Cir.1989). An appellate court's review of the district court's sentencing decision is limited. *United States v. Johnson*, 903 F.2d 1084, 1089 (7th Cir.1990). The narrow circumstances under which an appellate court will vacate a sentencing decision are either where the sentence exceeded the statutory maximum or where the sentencing judge, in exercising his discretion, relied on "improper considerations or unreliable information" or did not exercise any discretion at all. *United States v. Barnes*, 907 F.2d 693, 695 (7th Cir.1990) (citations omitted).

■ The duty of the probation officer, who acts as an arm of the court, is to compile information and make a recommendation to the judge. *United States v. Belgard*, 894 F.2d 1092, 1097 (9th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 164, 112 L.Ed.2d 129. Because the parties agreed that a new investigation by the probation officer was not necessary, Tracy merely gave his recommendation to the judge on the basis of the previous report and supplemental documents. Veteto's contention that Tracy was "arguing" as if he were a prosecutor has no merit. The government informed the judge before Veteto's counsel addressed him that the probation officer wished to address the court. That Tracy addressed the court after Veteto's counsel does not transform his testimony into a rebuttal. Tracy reiterated much of what the government had already said, albeit in a more abbreviated manner. Though Tracy found nothing to say in mitigation, Veteto's counsel had just addressed the court and had presented the court with characteristics and deeds that the court could consider in mitigation. Tracy did not rebut any of the points raised by Veteto's counsel. Rather, he found support for his

**2.** Tracy, who had previously written special reports on Veteto, admitted that he had not had contact with Veteto since those reports.

**3.** The statutory maximum was 43 years in prison. Veteto was sentenced to 11 years.

**4.** Veteto does not allege that the sentencing judge relied on unreliable information.

recommendation in the nature of the probation violations in relation to the underlying offenses. We conclude that Tracy's statements were not adversarial or improper in any way.

■ Moreover, Veteto has not established reliance on those comments by the district court. *See Rizzo v. United States,* 821 F.2d 1271, 1274 (7th Cir.1987) (defendant has the burden of showing that "it is 'not improbable that the trial judge was influenced by improper factors in imposing sentence' "). It is clear from the record that the sentencing judge considered all of the evidence before him. *See United States v. Heilprin,* 910 F.2d 471, 474–75 n. 7 (7th Cir.1990) (sentencing judge felt free at all times to disagree with probation officer's recommendation). In addition to considering the underlying offenses, the probation violations, and Veteto's history of violence, the sentencing judge noted that Veteto had come from an abusive family, had cooperated with the FBI at times, and had done some commendable deeds in prison, such as completing his G.E.D. and other course work. The judge concluded that Veteto was a manipulative person who may not have done the "commendable" deeds if he had not anticipated being before the judge—a conclusion that was not based on anything that Tracy said. Finally, the recommendation of a "substantial period of imprisonment" was the same as the government's. Neither the government nor Tracy recommended a specific number of years of imprisonment. Our reading of the sentencing transcript is that the judge did not "rely" on Tracy's comments in coming to his sentencing decision.

## IV. CONCLUSION

Veteto has not established that his sentence was excessive or that the sentencing judge relied on improper considerations.

AFFIRMED.