947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus ZAMBRANA, Sr., Defendant-Appellant.
 No. 88-1566.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 10, 1991.*
Decided Oct. 29, 1991.
Rehearing and Rehearing En Banc Denied
Nov. 15, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Defendant-Appellant, Jesus Zambrana, Sr., appeals from the district court's denial of his motion to correct an illegal sentence filed pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. Because we determine that the district court was without jurisdiction to entertain the Rule 35 motion, we remand to the district court for dismissal for lack of subject matter jurisdiction.
 
 I.
 
 2
 In July 1985, Zambrana was indicted along with thirty-one other defendants in connection with a conspiracy to distribute cocaine in Northern Indiana. Following a jury trial, Zambrana was convicted of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, two counts of causing others to engage in interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952, one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841, and fifteen counts of using a communication facility in committing an offense in violation of 21 U.S.C. § 843. On January 13, 1986, Zambrana was sentenced to a total of forty years' imprisonment.
 
 
 3
 Zambrana filed his direct appeal in this court on January 22, 1986. Zambrana's conviction was affirmed by this court on March 7, 1988. United States v. Zambrana, 841 F.2d 1320 (7th Cir.1988). While his direct criminal appeal was pending, the district court modified Zambrana's sentence by striking his special parole term for life (R.Doc. Nos. 913 & 1043). Zambrana filed another Rule 35 motion on February 22, 1988 (while his direct criminal appeal was still pending), raising a double jeopardy challenge to the district court's imposition of consecutive sentences on the conspiracy and possession counts[1] and alleging that the consecutive sentences imposed on the Travel Act counts were illegal because the counts were multiplicitous. The district court denied the motion on March 2, 1988. This appeal followed.
 
 II.
 
 4
 Initially, although neither of the parties address the issue, there is a jurisdictional question presented. In United States v. Kerley, 838 F.2d 932, 941 (7th Cir.1988), this court noted that " 'the circuit courts have uniformly acknowledged that the sentencing court is without jurisdiction to rule on a motion for reduction of sentence once a notice of appeal has been docketed.' United States v. Distasio, 820 F.2d 20, 23 (1st Cir.1987). Rule 35 comes into play after the defendant has exhausted his appellate remedies." Similarly, in United States v. O'Connor, 874 F.2d 483 (7th Cir.1989), this court concluded that the district court's action of modifying the defendant's sentence during the pendency of his direct criminal appeal was a nullity, because the district court lacked jurisdiction over the motion at the time of the ruling. The O'Connor court stated:
 
 
 5
 "There is a general rule that an appeal suspends the power of the court below to proceed further in the cause, except to take such steps as will assist the appellate court in its determination." United States v. Bastanipour, 697 F.2d 170, 173 (7th Cir.1982), cert. denied, 460 U.S. 1091, 103 S.Ct. 1790 (1983). This includes modifying illegal sentences. A sentence is a final judgment. When an appeal is properly taken, the district court is divested of its jurisdiction, and thus may not modify its judgment--the sentence--during the pendency of the appeal. Berman v. United States, 302 U.S. 211, 214, 58 S.Ct. 164, 166 (1937); United States v. Hocking, 841 F.2d 735, 736 (7th Cir.1988).
 
 
 6
 874 F.2d at 489.
 
 
 7
 In this instance, it is apparent that the district court considered and denied Zambrana's Rule 35 motion while the appeal of his conviction was still pending before this court. Under Kerley and O'Connor, the district court was, therefore, without authority to act upon the Rule 35 motion during the pendency of Zambrana's direct appeal.[2] As such, we must REMAND this case to the district court for dismissal for lack of subject matter jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The United States Supreme Court has recently granted certiorari in United States v. Felix, 926 F.2d 1522 (10th Cir.1991), cert. granted, 112 S.Ct. 47, 60 U.S.L.W. 3257 (U.S. Oct. 8, 1991) (No. 90-1599) to consider a similar double jeopardy issue
 
 
 [2]
 The district court earlier considered Zambrana's first Rule 35 motion and struck Zambrana's special parole term for life while his direct criminal appeal was pending. We note that although the special parole term is not at issue in this appeal, this modification is also a nullity