956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
George A. BROWN, Defendant/Appellant.
 No. 91-2636.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1992.
Decided March 5, 1992.
 
 Before CUMMINGS and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 This direct criminal appeal involves two separate cases for which George Brown was sentenced at the same time. He challenges the sentence he received under pre-Sentencing Guidelines law. We affirm.
 
 I.
 
 2
 Between October 1985 and September 1986, Brown engaged in a scheme to defraud the Howard City Paper Company ("Howard"). Brown had entered into an agreement with Howard to design and build a prototype machine to recycle wastes from scrap paper materials. Howard had agreed to reimburse Brown for any expenditures involved in developing the machine. Along with claims for legitimate expenditures, Brown, using fictitious documentation, submitted ten fraudulent claims for his personal use amounting to $30,000. The reimbursement money was transferred by wire from Howard's bank in Michigan to Brown's bank in Illinois.
 
 
 3
 On June 10, 1986, Brown applied for a loan of $168,000 from the First National Bank of Taylorville, Illinois, making the following false statements: 1) he had a contract with Hewlett-Packard from which he received money; 2) he owned $600,000 worth of real estate in Michigan; and 3) he owned a substantial amount of stock in the Borden Chemical Company and the Georgia Pacific Company. Although most of the money received from the bank was used to develop the prototype machine for Howard, approximately $20,000 to $30,000 of it was for Brown's personal use.
 
 
 4
 On October 17, 1990, a federal grand jury returned an indictment against Brown in case number 90-30061, charging him with ten counts of wire fraud, 18 U.S.C. § 1343, and an indictment in case number 90-30062, charging him with one count of making a false statement to a bank, 18 U.S.C. § 1014, and one count of bank fraud. 18 U.S.C. § 1344. In November 1990, Brown pleaded not guilty to all of the charges, but on March 4, 1991 he pleaded guilty to the first count of each indictment, pursuant to a negotiated plea agreement in which the government agreed to dismiss the remaining counts. Although each plea agreement provided that the sentencing judge would determine the appropriate sentences, the government agreed to recommend five years' probation on count one of the wire fraud indictment and left itself free to recommend a sentence of imprisonment up to the two-year statutory maximum on count one of the false statement indictment. The plea agreement provided that in each case the government was free to recommend any appropriate fine and restitution.
 
 
 5
 Sentencing took place on July 1, 1991. Pursuant to the plea agreement, the government moved to dismiss the agreed upon counts, recommended five years' probation and $30,000 in restitution on the wire fraud count and two years' imprisonment and $168,000 in restitution on the false statement count. Brown asked the court to sentence him to probation in both cases. The sentencing court, contrary to the government's recommendation, sentenced Brown to five years' imprisonment[1] and $30,000 in restitution on count one of the wire fraud indictment and five years' probation and $168,000 restitution on count one of the second indictment, the probation to be served consecutively to the imprisonment sentence. The issue on appeal is whether the sentence was so harsh as to constitute an abuse of discretion or so grossly excessive as to indicate that the sentencing judge acted arbitrarily or capriciously.[2]
 
 II.
 
 6
 Under pre-Sentencing Guidelines law, because a sentencing judge has wide discretion in determining which sentence to impose, appellate review is limited. United States v. Veteto, 945 F.2d 163, 166 (7th Cir.1991). A sentence that falls within the statutory limits may only be reversed for a failure to exercise discretion or for reliance on improper or unreliable information. United States v. Barnes, 907 F.2d 693, 695 (7th Cir.1990).[3] In reviewing a sentence, the question that an appellate court considers is not whether a sentence is harsh, but rather whether it is constitutional. United States v. Threw, 861 F.2d 1046, 1049 (7th Cir.1988). Thus, a defendant faces "an uphill struggle" in challenging a statutorily authorized sentence. Id.
 
 
 7
 Brown argues that the sentencing judge abused his discretion in imposing a sentence that was grossly excessive in light of: 1) Brown's cooperation by entering into a voluntary plea of guilty; 2) his open remorse at sentencing; and 3) the government's recommendation of a lesser sentence. Brown contends that by pleading guilty he saved the government from trying a case that was likely to be exceedingly difficult to prove and that had he been sentenced under the Sentencing Guidelines he would have been eligible for a reduction in sentence for acceptance of responsibility by virtue of his guilty plea. He further argues that the sentencing decision was arbitrary and capricious because the sentencing judge ignored: 1) the additional favorable information that Brown had changed over the five years between the criminal activity for which he was being sentenced and the date of sentencing; and 2) the government's sentencing recommendations by imposing a sentence two and one-half times greater.
 
 
 8
 Brown's arguments do not have any merit. In pre-Guidelines cases, a sentencing court has wide discretion in deciding how much weight to afford the factors in a case. United States v. George, 891 F.2d 140, 143 (7th Cir.1989). "As long as it appears that the sentencing judge is aware of the mitigating factors, and that he has considered them in good faith, the degree of weight put on those factors will seldom be questioned." United States v. Neyens, 831 F.2d 156, 160 (7th Cir.1987).
 
 
 9
 A review of the record indicates that at sentencing the judge considered all of the evidence, including the mitigating factors. George, 891 F.2d at 143 (a case that this court noted was not one in which the sentencing judge "failed to use any discretion at all"). Brown testified before the sentencing court that his life had changed over the past five years. However, the sentencing judge concluded that Brown's background, character, and criminal conduct were the dominant factors it had to consider. Cf. United States v. Stevenson, 942 F.2d 1111, 1116 (7th Cir.1991) (court may consider character, background and conduct in pre-Guidelines case). The court specifically noted that although Brown was 59 years old at the time of sentencing, he was 54 and 55 when he committed the offenses, and that those offenses occurred only ten years after he had served time in Texas for two felony thefts. The sentencing judge also remarked that Brown was an intelligent, well-educated man who used the money to help finance his extravagant lifestyle. The sentencing judge said that to grant Brown probation "would be making a mockery out of sentencing, out of justice." Tr. at 38. Moreover, given the standard in pre-Guidelines cases, it is irrelevant that had Brown been sentenced under the Sentencing Guidelines he might have had a downward adjustment for acceptance of responsibility for voluntarily having pleaded guilty. See United States v. Johnson, 903 F.2d 1084, 1092 (7th Cir.1990). Finally while " 'the sentencing judge may consider ... whether the defendant is contrite,' " United States v. Perez, 858 F.2d 1272, 1275-76 (7th Cir.1988) (quoting United States v. Sato, 814 F.2d 449, 452 (7th Cir.1987)) (emphasis added), Brown has not established that the factors of contrition or a positive change in one's life must be controlling, nor can he. See id. at 1276 (this court will not question the importance that a sentencing court placed on one factor over another).
 
 
 10
 Brown emphasizes that the sentencing judge did not abide by the government's recommendation. In support of his argument, Brown cites to a case which the First Circuit remanded, finding that the sentence, which was two and one-half times greater than the sentence recommended by the government, constituted an abuse of discretion. United States v. Wardlaw, 576 F.2d 932 (1st Cir.1978). Brown argues that, as in Wardlaw, here the sentencing court mechanically imposed the maximum sentence despite a contrary recommendation by the government. Brown's analogy is misplaced. In Wardlaw, the sentencing judge stated that he would impose long sentences on all "mules" so that the higher-ups would be driven to traffic drugs into the country themselves. The First Circuit found that the sentencing court abused its discretion by imposing the sentences mechanically, rather than individualizing the sentences imposed on the young, first-time drug offenders. Id. at 938. As indicated above, the record in Brown's case reveals that the sentencing judge "individualized" Brown's sentence to Brown's own character, background, and offense. At the plea hearing, the judge explained the maximum and minimum penalties to Brown, explaining that the judge could, in his discretion, impose either the maximum, the minimum, or anything in between. Brown acknowledged that he understood. Brown could have received a maximum sentence on both cases of seven years' imprisonment, instead he only received five. Therefore, even if this court were to agree with Brown that the government's recommendation would have been adequate, we would have to affirm Brown's sentence because he has failed to establish that his sentence was unconstitutional or that the sentencing court abused its discretion. United States v. Jones, 938 F.2d 737, 743-44 (7th Cir.1991).[4]
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The sentencing judge noted that Brown would be eligible for parole at the expiration of the first one-third of the sentence
 
 
 [2]
 Brown is only challenging his imprisonment, not the amount of restitution
 
 
 [3]
 Brown is not alleging that the sentencing court relied on unreliable or improper information
 
 
 [4]
 In his reply brief, Brown notes that the government's brief incorrectly stated that the amount the bank loaned Brown was $300,000, when, in fact, it was $168,000. Brown, however, further notes that the sentencing court made the same error at the sentencing hearing and argues that "this inaccuracy would indicate some confusion on the part of the Court." It is improper to raise new arguments in a reply brief. Reynolds v. East Dyer Dev. Co., 882 F.2d 1249, 1253 n. 2 (7th Cir.1989)