**UNITED STATES OF AMERICA,**

v.

**Roz Ben ZVI, a/k/a Raz Ben Zvi, and Luiz Ben Zvi, a/k/a Louise Ben Zvi, Defendants.**

**No. 93 CR 908(S2)(TCP).**

United States District Court, E.D. New York.

April 30, 1997.

Gerald L. Shargel, New York City, for Luiz Ben Zvi.

Alan S. Futerfas, New York City, for Roz Ben Zvi.

Cecilia L. Gardner, U.S. Atty's Office, Criminal Div., Garden City, NY, for U.S.

### MEMORANDUM AND ORDER

PLATT, District Judge.

By notice of motion filed 31 March 1997, defendants' new counsel move for re-argument of their post trial motion for a new trial and for a new trial, the latter on grounds of trial counsels' alleged ineffectiveness by reason of *inter alia,* their alleged denial of Roz Ben Zvi's right to testify. New counsel claim no procedural basis for the motion. Defendants were convicted on 15 June 1995 on charges of conspiracy, wire fraud, and tax fraud. By Order dated 13 March 1997 this Court denied defendants' prior new-trial motion. As with the last, defendants present motion is meritless and must be denied.

### BACKGROUND

Familiarity with the Court's Order of 13 March 1997, which contains an extensive exposition of relevant facts, is assumed.

Two particularly salient features of defendants' present motion bear mention. First—though developed at trial and previously available to new counsel—the facts supporting the present ineffective assistance claim are quite different from those supporting the prior claim. Second—despite their availability and defendants' thorough familiarity with them before, during, and after trial—few, if any, of those facts appear to have been pointed out by defendants to their trial attorneys for presentation at trial. In defendants' memorandum and the letter "addendum" thereto, Roz Ben Zvi now in effect is endeavoring to "testify" to both new counsel and the Court about what he knew and did during the time preceding his conviction. The "surprise" the Court expressed at new counsels' willingness to pursue their prior motion given the relevant legal standards now borders upon disbelief. Does it never occur to "new" counsel in criminal cases that their clients may not have disclosed to their predecessors and/or to them all that needs to be known?

### DISCUSSION

New counsel's instant motion must be denied on at least three independent bases: on the merits; pursuant to Federal Rule of Criminal Procedure 33; and based upon the doctrine of waiver.

#### A. The Ineffective Assistance Claim on the Merits

The legal standards governing ineffective assistance claims are set forth in the Court's 13 March 1997 Order. Defendants'

**347**

instant motion—like the first—must be denied in light of those standards. Defendants' new spin on evidence and arguments raised previously warrants no other conclusion.

### B. Jurisdiction Under Rule 33

The appropriate procedural mechanism for defendants' motion, had counsel undertaken to research the matter, is Federal Rule of Criminal Procedure 33. The Rule provides that district courts may grant a defendant's new trial motion "if required in the interest of justice." Fed.R.Crim.P. 33. Though new counsel also seek reargument of their prior motion, the present motion in fact is one for a new trial. Such motion may be made within two years of final judgment where based on newly discovered evidence, and must be made within seven days of "verdict or finding of guilty" where based on any other ground. *Id.* A court "may not extend the time for taking any action" under Rule 33 other than as provided for in the Rule. Fed.R.Crim.P. 45(b). The systemic interest in finality, which oft times is sought to be circumvented, demands that new trial motions be filed strictly within the Rule 33 time limits, thus avoiding "imposition of sentence in advance of resolution of dispositive motions." *United States v. Hocking,* 841 F.2d 735, 737 (7th Cir.1988) (Easterbrook, J.).

The time limits Rule 33 prescribes are jurisdictional; "[i]f a motion is not timely filed, the district court lacks power to consider it." *United States v. Dukes,* 727 F.2d 34, 38 (2d Cir.1984); *see United States v. DiBernardo,* 880 F.2d 1216, 1223 (11th Cir.1989) (using "interest of justice" standard to find district court without jurisdiction to grant new trial notion unless filed within seven days). A motion premised upon poor "tactical decisions by defendant's lawyer as to how to handle the evidence already in his possession at trial" must be filed within the seven day limit absent a court-authorized extension

of that period. *United States v. Pagan,* 829 F.Supp. 88, 90 (S.D.N.Y.1993), *aff'd,* 28 F.3d 102 (2d Cir.), *cert. denied,* 513 U.S. 904, 115 S.Ct. 267, 130 L.Ed.2d 185 (1994).

To obtain a new trial based upon newly discovered evidence, a defendant "must show that the evidence was discovered after trial and that it could not have been discovered sooner with the exercise of due diligence." *Dukes,* 727 F.2d at 38. The evidence also must be material and not cumulative or merely impeaching. *United States v. Castano,* 756 F.Supp. 820, 823 (S.D.N.Y.1991); *United States v. Matos,* 781 F.Supp. 273, 279 (S.D.N.Y.1991). Even where the three preceding criteria are satisfied, a new trial motion may be granted only if the evidence probably would lead to an acquittal, *United States v. Underwood,* 932 F.2d 1049, 1052 (2d Cir.), *cert. denied,* 502 U.S. 942, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991); even then, the motion must be granted only with "great caution" and in "the most extraordinary circumstances." *United States v. DiPaolo,* 835 F.2d 46, 49 (2d Cir.1987) (citations omitted). Had counsel presented the argument, the Court notes that evidence of trial counsel's ineffectiveness is not "newly discovered" for purposes of Rule 33. *See Dukes,* 727 F.2d at 39–40.

In light of their failure to discern the procedural basis for their motion, perhaps the Court should not have expected new counsel to delineate whether the motion purports to be based upon newly discovered evidence or some other ground. It may not be the former. New counsel's motion is premised upon trial counsel's alleged failings with regard to eliciting, introducing, or failing to introduce certain evidence.[1] The common thread running through those diverse items is that—with the possible exception of a phone record purporting to show the absence of a telephone call allegedly not made on 19 April—all were available to trial coun-

---

1. In sum, that evidence is as follows: charts introduced by the Government showing Josi Jewelry's inventory and sales; evidence indicating Roz Ben Zvi's travel schedule in April 1989; phone records allegedly showing that Lustman did not try to call Ben Zvi on 19 April; phone records allegedly suggesting that Ephraim did not travel to Switzerland on 19 April; portions of Ben Zvi's deposition that "rebutted the government's case" (Defs.' Mem. at 21–25); a cross examination of Tamaz Khozan; evidence of a $50,000 transfer from Ephraim to Ben Zvi; the potential testimony of a bank vice president contacted by trial counsel; lease records concerning the location of Josi Jewelry's office; prior polygraphs; and Mariana Ben Zvi's bank records.

sel prior to and at the time of trial. Thus, new counsel cannot satisfy even the first criteria of the "newly discovered evidence" test: that the evidence was discovered after trial and could not have been discovered sooner.

Rather, trial counsel were aware of the evidence and chose not to use it. The Court will not revisit the innumerable legitimate reasons why that may be. As the Government's memorandum in opposition makes plain, the "new" evidence new counsel posit would not lead to an acquittal. The evidence is not newly discovered, and this surely is not one of those "most extraordinary circumstances" justifying a new trial based upon new evidence. *DiPaolo,* 835 F.2d at 49.

■■■■ Premised as it therefore must be on "any other grounds," Fed.R.Crim.P. 33, new counsel's motion is untimely because it was not filed within the seven day period prescribed by Rule 33. The Court considers that period to have been tolled pending determination of new counsel's prior motion. However, new counsel filed the instant motion on 31 March 1997, eighteen days after the Court denied their prior motion on 13 March 1997. Because it was not timely filed as prescribed by Rule 33, the instant motion is barred and the Court lacks jurisdiction to consider it. *Dukes,* 727 F.2d at 38.

### C. Waiver

In addition to the fact that new counsel have failed to establish ineffective assistance of prior counsel on a motion that is jurisdictionally barred, defendants have waived their right to present the evidentiary matters they now seek to present to the Court.

■■■■ Courts have long recognized the right of defendants to waive various of the protections the Constitution affords them. Such protections, designed for the benefit of the accused, may "be waived by the party sought to be benefited." *Patton v. United States,* 281 U.S. 276, 296, 50 S.Ct. 253, 257, 74 L.Ed. 854 (1930). A defendant shall not be heard to complain on a matter to which he knew he had a right yet "silently acquiesced in." *Id.* at 294–95, 50 S.Ct. at 257.

■■■■ In the context of the right to a trial by jury, a defendant's power to waive is well established. Indeed, denial of the ability to waive that right in some cases may be "to imprison a man for his privileges and call it the Constitution." *Adams v. United States ex rel. McCann,* 317 U.S. 269, 280, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942) (Frankfurter, J.). A court must not accept a waiver unless made both intelligently and competently by the accused. *Johnson v. Zerbst,* 304 U.S. 458, 463, 58 S.Ct. 1019, 1022–23, 82 L.Ed. 1461 (1938). Exercising its "serious and weighty" responsibility, *Zerbst,* 304 U.S. at 465, 58 S.Ct. at 1023, a court may accept a waiver in its sound discretion. *Patton,* 281 U.S. at 299, 50 S.Ct. at 258. The foregoing also is true as to the right to be present at trial, waiver of which leaves the court free to proceed with trial "as if [the defendant] were present." *Diaz v. United States,* 223 U.S. 442, 455, 32 S.Ct. 250, 253–54, 56 L.Ed. 500 (1912).

■■■■ A defendant may waive rights by both act and failure to act. *Tompsett v. Ohio,* 146 F.2d 95, (6th Cir.1944), *cert. denied,* 324 U.S. 869, 65 S.Ct. 916, 89 L.Ed. 1424 (1945). This rule is applied routinely by the circuit courts in refusing to address issues a party or his attorney failed to raise or object to in a district court. *See Carter v. Johnson,* 110 F.3d 1098, 1111–12 (5th Cir. 1997). Though bounded as it must be by the requirement that any waiver be both knowing and intelligent, this rule logically must apply with the same force where a defendant seeks a rehearing or new trial based upon actions by an attorney the defendant was fully cognizant of yet failed to raise or object to. "A defendant cannot seemingly acquiesce in his attorney's defense and after the trial has resulted adversely to him obtain a new trial because of the incompetency of his attorney." *Gambill v. United States,* 276 F.2d 180, 181 (6th Cir.1960). Waiver must apply doubly where the defendant failed to object not just once, when the allegedly objectionable actions occurred at trial, but again in a first motion for a new trial.

■■■ Roz and Luiz Ben Zvi have been particularly active participants in the their legal proceedings from their inception. The

defendants obviously are intelligent and had an intimate familiarity with the inner workings of Josi Jeweler. They shared their knowledge thoroughly with trial counsel, working closely and consulting often with trial counsel at each step of the trial and at pre-trial proceedings. Trial counsel appeared to consider and be responsive to whatever comments the Ben Zvi's made, often raising objections or steering the course of an examination in apparent response thereto. Indeed, the papers submitted in support of both new trial motions are replete with information known peculiarly to the Ben Zvis as well as instances of defendants' combined efforts with trial and new counsel to marshall the facts in their favor.

Despite the frequency and care with which the facts underlying the instant motion have been parsed, never before have new counsel or the defendants presented the particular "spin" on those facts now urged upon the Court. It was not presented at trial, where defendants sat over the course of a month as trial counsel and the Government both attempted to construe in their own favor facts known best to the defendants. It was not presented in the first motion for a new trial, where defendants first endeavored to create a different reality based upon facts adduced at trial.

In his letter "addendum" dated 3 April 1997, Roz Ben Zvi again endeavors to create a new reality by essentially "testifying" as to his beliefs about which facts adduced at trial were "true" and which were "untrue." Indeed, Ben Zvi admits as much: though he does not "know the legal implications of the evidence," he does "know the facts, *which were relayed by me to trial counsel.*" (Ben Zvi Letter of 4/3/97, at 5 (emphasis added).) Presumably, Ben Zvi knew which facts were "true" two years ago at the time he "relayed" them to trial counsel. Certainly, he knew which facts were "true" at the close of trial, having observed every single fact put into evidence by both sides over a four week period. During that period Ben Zvi never once objected nor attempted to counter as he watched fact after now-allegedly-untrue fact go into evidence. The time to prove that "the inventory figures used by the govern-

ment were not correct" (Ben Zvi Letter of 4/3/97, at 1) and to dispel alleged "contradictions between [Ben Zvi's] deposition and the financial figures" (*Id.* at 3) was at trial, not in post trial memoranda and letters to the Court.

Defendants' acquiescence in this regard is troubling indeed. Nonetheless, though this may be a strong case for it, perhaps such acquiescence should not constitute waiver of the right to reassemble the facts post-trial and attempt to recharacterize them as true or not. Though ultimately responsible for facts disclosed to his attorney, a defendant may rely to an extent on his attorney to present those facts in court in a capable manner.

The same may not be said concerning acquiescence in a post-trial reassembly of those facts. The Ben Zvis participated in new counsel's preparation of a twenty-eight page memorandum and twelve page supplemental memorandum in support of their first motion for a new trial, the former filed nearly nine months and the latter nearly twelve months after the conclusion of trial. They did so with full knowledge of the purpose of that undertaking. Their acquiescence in the factual picture drawn in support of that motion was not silent but active and overt. As such, defendants may not again undertake to deconstruct the facts, distinguish true from false, and reassemble a new picture which they hope will better support their claims. They have waived their right to do so, and they have done so knowingly, intelligently, and deliberately.

### CONCLUSION

The time for Monday morning quarterbacking in this case has long since passed. For all of the foregoing reasons, new counsels' motion for rehearing and second motion for a new trial must be, and the same hereby are, DENIED.

SO ORDERED.