UNITED STATES of America,

v.

Steven ROBINSON, a/k/a Wise, Defendant.

No. 01–CR–131(LEK).

United States District Court, N.D. New York.

Jan. 22, 2004.

Paul D. Silver, Tina E. Sciocchetti, Office of United States Attorney–Albany, Albany, NY, for Plaintiff.

Frederick Rench, Pelagalli, Weiner & Rench, LLP, Clifton Park, NY, for Defendant.

### MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

## I. Background

On November 18, 2002, Defendant Steven Robinson ("Robinson") was found guilty by a jury of (i) conspiracy to distribute and possess with the intent to distribute more than one hundred kilograms of marijuana, in violation of 21 U.S.C. § 846; (ii) two counts of using a firearm in furtherance of the marijuana conspiracy, in violation of 18 U.S.C. § 924(c); and (iii) causing the death of another in the course of using a firearm, in violation of 18 U.S.C. § 924(j). Following that verdict, Robinson moved for a judgment of acquittal pursuant to Fed.R.Crim.P. 29(c) or, in the alternative, for a new trial pursuant to Fed. R.Crim.P. 33. In a Memorandum–Decision and Order dated May 14, 2003, this Court granted Robinson's motion for a new trial as to count 4 (use of a firearm in furtherance of the marijuana conspiracy on October 11, 2000) and count 5 (causing the death of another in the course of using the firearm on October 11, 2000). *See United States v. Robinson,* 2003 WL 21095584 (N.D.N.Y.2003). Presently before the Court is the Government's Motion for Reconsideration of that May 14, 2003 Memorandum–Decision and Order. For the reasons set forth below, the Government's motion is denied.

## II. Discussion

### (a) Standard of Review

■ The Court may reconsider its prior decision in the same case if "there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." *U.S. v. Sanchez,* 35 F.3d 673, 677 (2d Cir.1994). The Government contends that in granting Robinson's motion for a new trial, the Court (1) abused its discretion in rejecting certain testimony, and (2) lacked jurisdiction to grant the motion at the time it was made.

### (b) Whether the Court Abused its Discretion

■ The Government claims that the Court "usurped the jury's role" by reject-

ing the testimony of a particular witness in its decision to grant Robinson's motion for a new trial. Government's Memorandum at 2. In its May 14, 2003 Order, the Court found that Government witness Auckland Dubery's "dubious testimony [was] exceedingly weak support for the jury's finding of guilt." *Robinson,* at 2003 WL 21095584 *4. The Court listed a number of reasons for its finding, including that: (1) Dubery's testimony was uncorroborated by the other witnesses present at the scene; (2) Dubery admitted to smoking three marijuana cigars in the six hours prior to the shooting; (3) immediately after the shooting, Dubery told police that he did not know who the shooter was; (4) a few days later, while Dubery was recovering in the hospital, Dubery again told a detective that he did not know who the shooter was; (5) Dubery changed his story and identified Robinson as the shooter only after his girlfriend, Rachel, discussed the potential benefits that he could receive in exchange for his identification of the shooter; and (6) Dubery's testimony was vague and left many holes.

In granting Robinson's Rule 33 motion, the Court was well aware of the high standard that must be met for such a motion to succeed. Rule 33 states that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33. In a recent decision, the Second Circuit explained how a court's review of a Rule 33 motion is governed:

> The ultimate test on a Rule 33 motion is whether letting a verdict stand would be a manifest injustice. The trial court must be satisfied that competent, satisfactory and sufficient evidence in the record supports the jury verdict. The district court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation. There must be a real concern

that an innocent person may have been convicted. Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority sparingly and in the most extraordinary circumstances.

*United States v. Ferguson,* 246 F.3d 129, 134 (2d Cir.2001) (internal quotation marks and citations omitted).

■ The Court also considered the way in which this high standard has been applied specifically to the issue of witness credibility. When considering a Rule 33 motion, "the court may weigh the evidence and credibility of witnesses." *United States v. Autuori,* 212 F.3d 105, 120 (2d Cir.2000) (citation omitted). However, the Court must take care not to usurp the role of the jury. *Ferguson,* 246 F.3d at 133. "Because the courts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, '[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment.'" *Id.* at 133–34 (quoting *United States v. Sanchez,* 969 F.2d 1409, 1414 (2d Cir.1992)).

In its May 14, 2003 decision, the Court, while recognizing that the grant of a new trial is extraordinary and that the Court should only exercise its discretion to set aside a verdict in those rare occasions when the prosecution has clearly failed to meet its burden of proving guilt beyond a reasonable doubt, still found that judicial intervention was necessary in this case to prevent a manifest injustice. The Government does not claim that there has been a change in controlling law or that new evidence has come to light. Rather, the Government simply rehashes the facts of the case and disagrees with the Court's analy-

sis of those facts. The Court found that the evidence against Robinson on counts 4 and 5 was far too flimsy to support a conviction and that, given the very real concern that an innocent person may have been convicted, a new trial was compelled under the circumstances. The Government has not shown this decision to be clear error.

### (c) Jurisdiction

■ The Government also contends that Robinson's motion for a new trial was untimely and that the Court lacked jurisdiction to grant Robinson a second extension of time within which to file his post-trial motions. As stated above, the jury rendered a guilty verdict on November 18, 2002. On November 26, 2002, the Court granted a request by Robinson for an extension of time until December 19, 2002 to file his post-trial motions. In a letter dated December 18, 2002, Robinson requested a second extension of time until January 3, 2003 to file his post-trial motions, which the Court granted on December 20 with the Government's consent. The Government now claims that the Court was without jurisdiction to grant this December 20, 2002 extension of time and that the Court must reconsider, and deny, Robinson's motion for a new trial due to the motion's untimeliness and the Court's resulting lack of jurisdiction to entertain it.

Fed.R.Crim.P. 33(b) states that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7–day period." Fed.R.Crim.P. 45(b) provides that "[t]he court may not extend the time to take any action under Rules 29, 33, 34, and 35, except as stated in those rules." How these rules apply to a situation such

as that presently before the Court has not been settled.

At the outset, it is plain that to reconsider a decision in which this Court was so struck by the injustice of a conviction that it was willing to employ the rare and extraordinary measure of granting a new trial, and to do so on the grounds suggested by the Government, would represent a horrible miscarriage of justice. It is undisputed that the Court could have, on November 26, granted Robinson a single extension until January 3, or even longer, to file his motion for a new trial. However, the Government contends that because the Court granted two extensions (an initial extension and then a subsequent extension), which lapsed on that *very same date,* it should now subject Robinson to a life sentence in prison for a charge that the Court has held to be unproven. As Robinson's attorney points out in his papers, Robinson would in effect "be faced with the reinstatement of an unproven murder conviction because an additional request for an extension of time was made by defense counsel." Robinson's Memorandum at 8.

When faced with almost the exact same situation in *United States v. Reinhold,* 20 F.Supp.2d 541 (S.D.N.Y.1998), the court found that it did have jurisdiction to entertain post-trial motions filed by the defendants after successive extensions of time had been granted. In that case, the jury rendered its verdict on April 22, 1998. Immediately thereafter, the court granted all defendants until May 22 to file postverdict motions. With Government consent, all defendants but one then sought and obtained, beyond the initial seven-day limit but prior to the May 22 deadline, further extensions of the date for filing the post-trial motions. The Government also sought and obtained two extensions of time to file its response. *Id.* at 547.

In rendering its decision in *Reinhold* that jurisdiction was proper, the court quoted an Eleventh Circuit opinion stating that "[i]t would appear that the trial court is in the best position to consider the need for the extension, and to perhaps continue an extension if done before it expires. The rule seems to contemplate unlimited discretion in the trial judge, since no outside time limitation is fixed for the extension." *Id.* at 548 (quoting *United States v. DiBernardo*, 880 F.2d 1216, 1224 n. 3 (11th Cir.1989)). The court also quoted the Seventh Circuit decision in *United States v. Hocking*, 841 F.2d 735 (7th Cir.1988), which stated that the purpose of the time limitations contained in the relevant rules "is to ensure that the motion comes promptly after the verdict, in order to avoid ... imposition of sentence in advance of resolution of dispositive motions." *Id.* at 736. Then, having noted that all requests for extensions subsequent to the original extension were made within the relevant deadlines and with the consent of the Government, and that the motions were fully submitted approximately one month in advance of the scheduled sentencing date for all the moving defendants, the court decided to address the merits of the motions, as to reject the motions on the procedural grounds urged by the Government would "elevate form over substance." *Reinhold*, 20 F.Supp.2d at 548 (citing *United States v. Galgano*, 281 F.2d 908, 912 (2d Cir.1960), for the proposition that in applying Federal Rules of Criminal Procedure, courts should not "exalt form over substance").

The Court agrees with the *Reinhold* analysis. That analysis becomes even more compelling when considering that the court in *Reinhold* was addressing the jurisdiction issue prior to rendering its decision on the defendants' post-trial motions (which were ultimately denied), while this Court is faced with the issue after having already determined that Robinson is entitled to a new trial. Further, while the motions in *Reinhold* were fully submitted approximately one month in advance of the scheduled sentencing date, the motions in this case were submitted over two months prior to Robinson's scheduled sentencing date of March 11, 2003.

Other courts have reached a different conclusion than was reached in *Reinhold*. For instance, the *Hocking* Court, cited by *Reinhold* for the proposition that the purpose of the relevant rules is to ensure that the post-trial motions are filed promptly after the verdict and that the motions are decided prior to the imposition of a sentence, ultimately ruled that the defendant had no right to ask, and the district court no right to grant, a second extension more than seven days after the jury's verdict. In that case, however, the district court had granted a second extension to file post-trial motions until just seven days prior to the defendant's scheduled sentencing, a date that was "too close ... to permit the prosecutor to respond and the judge to study the papers." *Hocking*, 841 F.2d at 737.

Within the Second Circuit, other district court decisions have also held that the relevant rules forbid the court from granting subsequent extensions outside of the seven days following a jury verdict. *See, e.g., United States v. Piervinanzi*, 765 F.Supp. 156 (S.D.N.Y.1991); *United States v. Padilla*, 1998 WL 23550 (S.D.N.Y.1998). The Second Circuit, however, has not ruled on the issue of whether district courts can grant subsequent extensions after the seven day period following the jury verdict but within the deadline established by the original extension. For instance, the Second Circuit has stated only that "[t]he seven-day period may be extended, but only if an extension is granted within that seven-day period. These time limitations

are jurisdictional; if the motion is not timely filed, the court lacks power to consider it." *United States v. Mayo,* 14 F.3d 128 (2d Cir.1994). *Mayo* dealt with a situation in which the defendant made his motion for a new trial more than seven days after the verdict and had not asked for any extensions at all. The Second Circuit then stated that the district court had properly denied that motion for lack of jurisdiction. The present case, conversely, involves a defendant who did in fact make a timely request for an extension of time to file his post-trial motions and had that request granted by the Court. And, as stated above, the Court could have fashioned that initial extension, granted within the seven-day period, until January 3, or even longer.

The Supreme Court has not issued a dispositive ruling on this issue, either. In *Carlisle v. United States,* 517 U.S. 416, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996), the Court dealt with the question whether a district court has authority to grant a post-trial motion for judgment of acquittal filed one day outside the time limit prescribed by Fed.R.Crim.P. 29(c).[1] The district court in that case retroactively extended the deadline to file a post-trial motion for acquittal when it received that motion after the initial 7–day deadline had already passed. The Supreme Court rejected the district court's decision, holding that "[t]here is simply no room in the text of Rules 29 and 45(b) for the granting of an untimely postverdict motion for judgment of acquittal, regardless of whether the motion is accompanied by a claim of legal innocence, is filed before sentencing, or was filed late because of attorney error." *Id.* at 421, 116 S.Ct. 1460.

As in *Mayo,* the petitioner in *Carlisle* had filed his post-trial motion after the seven-day deadline had passed but without having asked for an extension of time to do so. Thus, the decision in *Carlisle* is also inapplicable to the action presently before this Court. Again, in this case, Robinson asked for and received an extension of time within the initial seven-day period to file his post-trial motions. The Court undoubtedly had the unlimited discretion to grant that extension until whenever it deemed appropriate, as the Rules do not impose an outside time limitation. Thus, the only difference between the extension of time until January 3 that the Government contends was unlawful and an extension of time until January 3 to which the Government would have no objection is that the Court issued two extensions rather than one. Given that the Government requests that this extremely narrow reading of the Rules form the basis of a decision by this Court to send Robinson to prison for life on an unproven murder charge, the Court simply cannot agree with the Government's interpretation. Under the totality of the circumstances in this case, the Court finds that to disregard both the substance and purpose of Rules 33 and 45 in favor of the Government's reading of the statute would be to perpetrate an injustice that simply could not have been contemplated by the Rules' drafters.

### III. Conclusion

Accordingly, it is hereby

ORDERED, that the Government's Motion for Reconsideration is DENIED; and it is further

---

1. Rule 29(c) provides that a defendant may move for a judgment of acquittal or renew such a motion "within 7 days after a guilty verdict or after the court discharges the jury,

whichever is later, or within any other time the court sets during the 7–day period." The language is nearly identical to the language in Rule 33(b).

ORDERED, that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.